UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE ANDY WARHOL FOUNDATION FOR THE VISUAL
ARTS, INC.,

                    Plaintiff,

       -against-

LYNN GOLDSMITH AND LYNN GOLDSMITH, LTD.,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LYNN GOLDSMITH,

                  Counterclaim Plaintiff,

       -against-

THE ANDY WARHOL FOUNDATION FOR THE VISUAL
ARTS, INC.,

                 Counterclaim Defendant.

Case No. 17-cv-02532-JGK

## ANSWER TO AMENDED COUNTERCLAIM

Counterclaim-Defendant The Andy Warhol Foundation for the Visual Arts, Inc. ("the Foundation"), by its attorneys Boies Schiller Flexner LLP, as and for its Answer to the Amended Counterclaim (the "Counterclaim") filed by Counterclaim-Plaintiff Lynn Goldsmith ("Goldsmith"), states and alleges as follows:

      1.     Denies the averments of Paragraph 1, except states that images of paintings of Prince created by Andy Warhol (the "Original Warhol Works") were published in *Vanity Fair* in 1984 and published by Conde Nast in 2016 and that the Foundation was paid a license fee in connection with Conde Nast's 2016 publication.

2.      Denies the averments of Paragraph 2.

3.      Denies the averments of Paragraph 3 and respectfully refers to Conde Nast's 2016 Publication for a true depiction of its contents.

4.      Denies the averments of Paragraph 4.

5.      Denies the averments of Paragraph 5 and respectfully refers to the Original Warhol Works, Conde Nast's 2016 Publication, and the Goldsmith Photo for a true depiction of their contents.

6.      Denies the averments of Paragraph 6, except admits that the Foundation is a not-for-profit entity and has earned revenues annually from licensing fees, royalties, and sales of original Warhol works.

7.      Denies the averments of Paragraph 7, except admits that an image of an Original Warhol Work was licensed to Conde Nast for publication in 2016, the Foundation was paid a $7,500 licensing fee in connection with the publication, the Artists Rights Society was paid a $2,500 fee in connection with the publication, and the Foundation has the legal right to license the Original Warhol Works for commercial and non-commercial uses.

8.      Denies the averments in Paragraph 8.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 and therefore denies the averments of Paragraph 9.

10.     Denies the averments of Paragraph 10.

11.     Denies the averments of Paragraph 11, except denies knowledge or information sufficient to form a belief as to the averment about Goldsmith's livelihood and therefore denies the averment on that basis.

12.     Denies the averments of Paragraph 12.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13 and therefore denies the averments of Paragraph 13.

14.     Denies the averments of Paragraph 14, except admits that the Court has subject-matter jurisdiction over this action.

15.     Denies the averments of Paragraph 15, except admits that the Foundation is located in New York and venue is proper in this District.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 and therefore denies the averments of Paragraph 16.

17.     Admits the averments of Paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 and therefore denies the averments of Paragraph 18, except admits that records maintained by the New York Department of State indicate that Lynn Goldsmith, Ltd.'s principal place of business is 40 Sunset Drive, Suite 10A, Basalt, Colorado 81621-8362.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 and therefore denies the averments, except admits that Goldsmith took photographs of Prince.

20.     Denies the averments of Paragraph 20, except denies knowledge or information sufficient to form a belief as to the truth of the averments in the first, second, and third sentences of Paragraph 20 and therefore denies those averments on that basis.

21.     Denies the averments of Paragraph 21 and respectfully refers to the license agreement for a true depiction of its contents.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22 and therefore denies the averments of Paragraph 22.

23.     Denies the averments of Paragraph 23, except states that an image of an Original Warhol Work was published in a 1984 *Vanity Fair* magazine as alleged in the Complaint and respectfully refers to the Complaint and the 1984 *Vanity Fair* publication for a true depiction of the contents.

24.     Denies the averments of Paragraph 24 and respectfully refers to the 1984 *Vanity Fair* publication for a true depiction of its contents, except admits that the *Vanity Fair* publication stated that Goldsmith held a copyright in a "source photograph" but did not attribute any copyright to Goldsmith for the Original Warhol Work, in which Goldsmith has no rights.

25.     Denies the averments of Paragraph 25 and refers to the *Vanity Fair* website for a true depiction of its contents.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 26 and therefore denies the averments of Paragraph 26.

27.     Denies the averments of Paragraph 27.

28.     Denies the averments of Paragraph 28, except states that an image of an Original Warhol Work was published by Conde Nast in 2016 and respectfully refers to the 2016 Conde Nast publication for a true depiction of its contents.

29.     Denies the averments of Paragraph 29 and respectfully refers to the Original Warhol Works, the 1984 *Vanity Fair* publication, and Conde Nast's 2016 Publication for a true depiction of their contents.

30.     Denies the averments of Paragraph 30, except admits that an image of an Original Warhol Work was licensed to Conde Nast for publication in 2016, the Foundation was paid a $7,500 licensing fee in connection with the publication, and the Artists Rights Society was paid a $2,500 fee in connection with the publication.

31.     Admits the averments of Paragraph 31.

32.     Denies the averments of Paragraph 32.

33.     Denies the averments of Paragraph 33.

34.     Denies the averments of Paragraph 34, except admits upon information and belief that Andy Warhol settled a dispute with Patricia Caulfield.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35 and therefore denies the averments of Paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36 and therefore denies the averments of Paragraph 36.

37.     Denies the averments of Paragraph 37.

38.     Denies the averments of Paragraph 38, except admits that the Foundation settled a dispute with Henri Dauman and Time, Inc., and respectfully refers to the full docket and transcripts in the matter of *Dauman v. The Andy Warhol Foundation for the Visual Arts, Inc.* (S.D.N.Y.) for a true depiction of their contents.

39.     Denies the averments of Paragraph 39, except admits that the Foundation is a not-for-profit entity and has earned revenues annually from licensing fees, royalties, and sales of original Warhol works; and respectfully refers to its Form 990-PF filings for a true depiction of their contents, including the portions of the Foundation's 990-PF filings documenting the Foundation's charitable contributions—which total tens of millions of dollars.

40.     Denies the averments of Paragraph 40, except admits that an image of an Original Warhol Work was licensed to Conde Nast for publication in 2016, the Foundation was paid a $7,500 licensing fee in connection with the publication, and the Artists Rights Society was paid a $2,500 fee in connection with the publication.

41.     The Foundation incorporates all of the above responses to the averments contained in each of the numbered paragraphs from 1-40 as if they were fully stated here.

42.     Denies the averments of Paragraph 42.

43.     Denies the averments of Paragraph 43, except states that the Foundation is the sole copyright owner of the copyrights in the Original Warhol Works, an image of an Original Warhol Work was licensed to Conde Nast for publication in 2016, the Foundation was paid a $7,500 licensing fee in connection with the publication, and the Artists Rights Society was paid a $2,500 fee in connection with the publication.

44.     Denies the averments of Paragraph 44, except states that the Foundation is the sole copyright owner of the copyrights in the Original Warhol Works and has not, will not, and is not legally required to provide any form of attribution credit to Goldsmith.

45.     Denies the averments of Paragraph 45.

46.     Denies the averments of Paragraph 46.

<b>PRAYER FOR RELIEF</b>

1.     Denies the averments contained in Paragraph 1 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

2.     Denies the averments contained in Paragraph 2 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

3.     Denies the averments contained in Paragraph 3 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

4.     Denies the averments contained in Paragraph 4 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

5.     Denies the averments contained in Paragraph 5 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

6.     Denies the averments contained in Paragraph 6 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

7.     Denies the averments contained in Paragraph 7 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

8.     Denies the averments contained in Paragraph 8 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

9.     Denies the averments contained in Paragraph 9 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

10.    Denies the averments contained in Paragraph 10 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

11.    Denies the averments contained in Paragraph 11 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

12.    Denies the averments contained in Paragraph 12 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

13.    Denies the averments contained in Paragraph 13 of the Prayer for Relief and denies that Goldsmith is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Goldsmith, the Foundation asserts the following defenses:

## FIRST DEFENSE

The Cause of Action in the Counterclaim fails, in whole or in part, to state a claim on which relief can be granted.

## SECOND DEFENSE

The Cause of Action in the Counterclaim is barred, in whole or in part, by the applicable statutes of limitations and statutes of repose, including under 17 U.S.C. § 507.

## THIRD DEFENSE

The Cause of Action in the Counterclaim is barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and estoppel.

## FOURTH DEFENSE

The Cause of Action in the Counterclaim is barred because any wrongful conduct alleged therein is attributable to persons not under the Foundation's control.

## FIFTH DEFENSE

The Cause of Action in the Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH DEFENSE

The Cause of Action in the Counterclaim is barred, in whole or in part, as contrary to public policy.

## SEVENTH DEFENSE

The Cause of Action in the Counterclaim is barred, in whole or in part, because the Original Warhol Works, including the allegedly infringing works, are transformative and made fair use of any source images, including under 17 U.S.C. § 101, *et seq*.

## EIGHTH DEFENSE

The Cause of Action in the Counterclaim is barred, in whole or in part, because Goldsmith does not hold a protectable copyright interest in all or part of the Goldsmith Photograph.

## NINTH DEFENSE

The Cause of Action in the Counterclaim is barred, in whole or in part, because Goldsmith failed to timely register any copyright interest she holds in all or part of the Goldsmith Photograph.

## TENTH DEFENSE

The Cause of Action in the Counterclaim is barred, in whole or in part, because Goldsmith's alleged damages, if any, are speculative, and because of the impossibility of the ascertainment and allocation of those alleged damages.

## ELEVENTH DEFENSE

The Cause of Action in the Counterclaim is barred, in whole or in part, because Goldsmith lacks standing to bring the Cause of Action.

## TWELFTH DEFENSE

The Cause of Action in the Counterclaim is barred, in whole or in part, because one or more parties not named in the Counterclaims may be indispensable parties to this action, and the Foundation reserves the right to seek the joinder of those parties whose absence from the action renders it such that complete relief cannot be granted without the missing party.

## THIRTEENTH DEFENSE

Goldsmith is not entitled to recovery of attorneys' fees and costs or expert fees.

Dated: July 24, 2017
      New York, New York

BOIES SCHILLER FLEXNER LLP


By:      */s/ Luke Nikas*

Luke Nikas
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
Email:  lnikas@bsfllp.com


*Attorneys for Plaintiff The Andy Warhol Foundation for the Visual Arts, Inc.*
