

**Barry Werbin**
Counsel
Phone: 212.592.1418
Fax: 212.545.3401
bwerbin@herrick.com

July 6, 2018

<u>VIA ECF FILING</u>

Hon. John G. Koeltl
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   <u>The Andy Warhol Foundation for the Visual Arts, Inc. v. Lynn Goldsmith
      and Lynn Goldsmith, Ltd./Lynn Goldsmith v. The Andy Warhol Foundation
      for the Visual Arts, Inc., No. 17-CV-02532-JGK (S.D.N.Y.)</u>

Dear Judge Koeltl:

    We are counsel for defendants Lynn Goldsmith ("Goldsmith") and Lynn Goldsmith, Ltd. and counterclaim-plaintiff Goldsmith (the "Goldsmith Parties"). Pursuant to Rule 2(B) of the Court's Individual Practices and the Second Amended Civil Case Management Plan and Scheduling Order dated June 6, 2018 ("Order"), we respectfully request leave to move for summary judgment to dismiss the complaint of plaintiff The Andy Warhol Foundation for the Visual Arts, Inc. ("AWF") and to grant Goldsmith's counterclaim for copyright infringement pursuant to Fed. R. Civ. P. 56. We understand that AWF is also seeking leave to move for summary judgment on its claims for declaratory relief. All fact and expert discovery has been completed.[1] Pursuant to the Order, counsel for the parties will be meeting face-to-face to discuss settlement on July 10, 2018.

    We submit there are no genuine issues as to the material facts relevant to all claims and defenses. Although AWF's complaint refers to a Goldsmith color photograph of the musician Prince in a three-quarter front pose, Goldsmith alleges in her counterclaim—and the evidence establishes—that a black and white head shot portrait of Prince from the chest up is the image that was infringed.

    The material facts are fairly straightforward. In 1981, on assignment from Newsweek, Goldsmith made a number of studio portrait photographs of Prince in which she retained the copyrights. Some were in black and white and never published. In 1984, Vanity Fair licensed one of those black and white photos from Goldsmith's licensing agency, then known as Lynn

---

[1] Given the scope of the record and issues involved in this case, the parties jointly request that the Court so-order the following word limits for any summary judgment briefs: 10,000 words for opening briefs, 7,500 words for opposition briefs, and 2,800 words for reply briefs. The parties are prepared to confer about a briefing schedule after receiving the Court's guidance in response to the parties' pre-motion letters.



Hon. John G. Koeltl
July 6, 2018
Page 2

Goldsmith, Inc. and referred to as "LGI" (later re-named Lynn Goldsmith, Ltd.). The licensing documentation specified a black and white photograph of Prince. The license granted Vanity Fair only a one-time right to use that photograph (the "Goldsmith Photo") for an "artist's reference" in connection with an article Vanity Fair was to publish about Prince. Unbeknown to Goldsmith, Vanity Fair then commissioned Andy Warhol to create an illustration based on the Goldsmith Photo. That illustration was published as a full-page image accompanying an article about Prince in the November 1984 issue of Vanity Fair, which also gave Goldsmith both a photo copyright credit and an attribution "gutter" credit.

Goldsmith never saw the 1984 Vanity Fair publication or the Warhol illustration. Even if she had seen the Warhol illustration at the time, that one-time usage was specifically authorized by the license. Further unbeknown to Goldsmith, in 1984 Warhol created 15 variations of the same illustration (consisting of silk-screen paintings, screenprints and drawings), totaling 16 works in all (the "Warhol Images"). Warhol died in 1987 without ever selling or commercializing the 16 works. The AWF acquired title to the 16 original works after Warhol's death. By 2004, the AWF had sold or donated all 16 original works, but retained copyright ownership of the Warhol Images and has continued to offer reproductions of the Warhol Images for commercial licensing and merchandising purposes.

Prince died in April 2016. Condé Nast, which owns Vanity Fair, then licensed from AWF one of the Warhol Images to use on the cover of a special tribute magazine that was published on May 9, 2016, and sold on newsstands. Soon thereafter, Goldsmith started seeing Warhol Images online that she believed were created from the Goldsmith Photo her agency, LGI, had licensed to Vanity Fair in 1984. Goldsmith then contacted the AWF and asserted her Goldsmith Photo had been used without authorization. Initial settlement discussions ensued but broke down when AWF filed its complaint for declaratory relief, alleging non-infringement and that all 16 Warhol Images are entitled to a fair use defense under Section 107. The AWF complaint also alleges that Goldsmith's claims are barred by the Copyright Act's three-year statute of limitations and laches.

The core issue in this case is whether AWF is entitled to a fair use copyright defense under 17 U.S.C. §107, failing which its use and commercial licensing of the Warhol Images constitute copyright infringement.[2] As the Second Circuit emphasized in *TCA Television Corp. v. McCollum*,

---

[2] To prove copyright infringement, a plaintiff must establish: "(1) that his work is protected by a valid copyright, (2) that the defendant copied his work, and (3) that the copying was wrongful." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 100 (2d Cir. 2014). Copying is wrongful where two works are "substantially similar," meaning that "similarity . . . exists between the protected elements of a work and another work." *Id.* at 101. "'[T]he works themselves supersede and control contrary descriptions of them.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation omitted). There is no dispute that to create his


Hon. John G. Koeltl
July 6, 2018
Page 3

839 F.3d 168, 178 (2d Cir. 2016): "Courts most frequently address a proffered fair use defense at summary judgment." In *Cariou v. Prince*, 714 F. 3d 694, 704 (2d Cir. 2013), the Court also observed: "Although fair use is a mixed question of law and fact, this court has on numerous occasions resolved fair use determinations at the summary judgment stage where ... there are no genuine issues of material fact."

Goldsmith submits that this Court can readily assess and apply the four-part test set forth in Section 107 of the Copyright Act to the 16 Warhol Images. This includes an assessment of whether those images were sufficiently "transformative" of the Goldsmith Photo under the first fair use factor in Section 107(1) ("the purpose and character of the use...."). As set forth in the Goldsmith Parties' *sub judice* motion to preclude AWF's expert report of Dr. Thomas Crow, the Second Circuit has emphasized: "What is critical is how the work in question appears to the reasonable observer, not simply what an artist might say about a particular piece or body of work." *Cariou*, 714 F.3d at 707.

Based on how they would appear to the reasonable observer, the Warhol Images did not sufficiently alter the protected Goldsmith Photo with "'new expression, meaning or message.'" *TCA Television Corp.*, 839 F. 3d at 180, *quoting Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. at 579 2016. This is especially true here, where the specific infringing "use" was a license granted by the AWF to Condé Nast for use of one of the Warhol Images on the cover of a consumer magazine, and the AWF continues to make the Warhol Images available for commercial licensing, thereby impacting and usurping the same actual and potential derivative markets for the Goldsmith Photo under the fourth fair use "market harm" factor in Section 107(4).

The AWF's other declaratory relief claims based on the statute of limitations and laches are not supported by applicable law or the uncontestable record facts in this case. Goldsmith is only seeking AWF's profits earned within the three-year period prior to accrual of her copyright claim based on her "discovery" of the Warhol Images following publication of the Condé Nast tribute issue in May 2016, and prospective injunctive relief. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 570 U.S. 948 (2013) (laches cannot be invoked to bar an otherwise timely claim for copyright infringement); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124-25 (2d Cir. 2014) (Second Circuit adopted "discovery rule" to determine when a plaintiff's copyright claim accrues).

---

Prince series works Warhol physically copied the Goldsmith Photo, which is registered to Goldsmith by the Copyright Office. Goldsmith submits that all the Warhol Images are substantially similar to the Goldsmith Photo and that all uses of that photo, other than in connection with the original 1984 Vanity Fair issue, are without authorization and wrongful.



Hon. John G. Koeltl
July 6, 2018
Page 4

    Accordingly, the Goldsmith Parties respectfully request leave to move for summary judgment and are available for a conference at the Court's discretion.

Respectfully submitted,

Barry Werbin

cc:    Luke Nikas, Esq. (via ECF)
        Joel Hecker, Esq. (via ECF)

HF 12162720v.2